UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| SEABOAT NAVIGATION US, INC., Plaintiff, v. TURISMOS HIELOS ANTARTICOS, LTDA, Defendant. | CASE NO. C19-0070JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LETTERS ROGATORY AND ALTERNATIVE SERVICE OF PROCESS |
|---|---|

## I. INTRODUCTION

Before the court is Plaintiff Seaboat Navigation US, Inc.'s ("Seaboat") motion seeking (1) the court's signature and seal on a USM-272 form permitting Seaboat to serve Defendant Turismos Hielos Antarticos, Ltda. ("Hielos") under the method set forth by the Inter-American Convention on Letter's Rogatory and Additional Protocol ("IACAP"), Jan. 30, 1975, S. TREATY DOC. No. 27, 98th Cong. 2d Sess. (1984), reprinted following 28 U.S.C. § 1781; and (2) an order under Federal Rule of Civil Procedure

4(f)(3) directing service of process upon Hielos by the United States Post Office international mail. (Mot. (Dkt. # 4).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part the motion. Specifically, the court signs and seals the completed USM-272 form provided by Seaboat, but declines to order service of process under Rule 4(f)(3). *See* Fed. R. Civ. P. 4(f)(3). Instead, the court DIRECTS the Clerk to perform service as provided in Rule 4(f)(2)(A)(ii). *See id.* 4(f)(2)(A)(ii).

## II. BACKGROUND

In its complaint, Seaboat alleges that Hielos breached a contract for the sale of a vessel. (*See generally* Compl. (Dkt. # 1).) Seaboat alleges that Hielos failed to deliver the vessel after Seaboat paid $164,167.86 towards the purchase price. (*See generally id.*) Hielos is a Chilean company with its principal place of business in Peurto Williams, Chile. (*Id.* ¶ 5.) Seaboat seeks permission to serve Hielos (1) pursuant to the IACAP, and (2) by an order pursuant to Rule 4(f)(3) directing service via the United States Post Office international mail. (Mot. at 2.)

## III. ANALYSIS

### A. Service Pursuant to the IACAP

The United States Department of State, Bureau of Consular Affairs summaries IACAP as follows:

> The Inter-American Convention on Letters Rogatory and Additional Protocol (IACAP) are a pair of international agreements designed to facilitate judicial assistance between countries. The United States interprets those agreements as limited to covering service of process and countries must be a party to both agreements in order for a treaty relationship to exist. Replacing

the traditional letters rogatory process, the IACAP provides a mechanism for service of documents by a foreign central authority. The Department of Justice is the U.S. Central Authority under the IACAP. Requests from the United States are transmitted via a private contractor carrying out the service functions of the U.S. Central Authority on behalf of the Department of Justice.

*See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Inter-American-Service-Convention-Additional-Protocol.html (last visited Mar. 22, 2019). Both the United States and Chile are signatories of IACAP. *See id.* The USM-272 form, which Seaboat attaches to its motion (Mot. Ex. A (Dkt. # 4-1)), is the official form necessary to effectuate service under IACAP, as set forth in the Additional Protocol. *See* Office of Int'l Judicial Assistance, U.S. Dep't of Justice, Guidance on Service Abroad in U.S. Litigation (last updated Oct. 1, 2018) at 5-7.[1]

Seaboat requests the court sign and seal the USM-272 form "so that it may be sent to ABC Legal (U.S. Central Authority contractor) for transmittal to the Chilean Central Authority, who will effectuate service upon [Helios] under the IACAP." (Mot. at 3.) Article 3 of the Additional Protocol, reprinted following 28 U.S.C. § 1781, states that:

> Letters rogatory shall be accompanied by the following:
>
> a. Copy of the complaint or pleading that initiated the action in which the letter rogatory was issued, as well as a translation thereof into the language of the State of destination;
>
> b. Untranslated copy of the documents attached to the complaint or pleading;

---

[1] Available at: https://www.justice.gov/civil/page/file/1064896/download ("As a general rule it may take from 6 months to a year for a request to be executed.") (last visited Mar. 22, 2019).

ORDER - 3

  c. Untranslated copy of any rulings ordering issuance of the letter rogatory;

  d. Form conforming to Form B annexed to this Protocol and containing essential information for the person to be served or the authority to receive the documents; and

  e. Certificate conforming to Form C annexed to this Protocol on which the Central Authority of the State of destination shall attest to execution or non-execution of the letter rogatory.

  The copies shall be regarded as authenticated for the purposes of Article 8(a) of the Convention if they bear the seal of the judicial or other adjudicatory authority that issued the letter rogatory.

*Soc. Enter. LLC v. Sociedad Agricola Cato S.A.*, No. 15-CV-4158 (RJD), 2015 WL 13743436, at *1–2 (E.D.N.Y. Oct. 6, 2015) (quoting IACAP, Additional Protocol, art. 3).[2] As Seaboat correctly points out, "[t]he process prescribed by the IACAP for service of process through a foreign central authority cannot begin without the court's signature and seal on the USM-272 [f]orm." (Mot. at 3.) Accordingly, the court GRANTS this portion of Seaboat's motion, and hereby signs and affixes the seal of the court to Seaboat's USM-272 form, attached hereto.

**B. Alternative Service**

  Seaboat also seeks an order pursuant to Rule 4(f)(3) directing service by the United States Post Office international mail. (Mot. at 3-5); *see* Fed. R. Civ. P. 4(f)(3). Seaboat seeks this additional means of service on the ground that service under IACAP is time-consuming and may take up to six months to a year for a request to be executed.

---

[2] Article 8(a) of the IACAP states, "Letters rogatory shall be accompanied by the following documents to be delivered to the person on whom process, summons or subpoena is being served: a. An authenticated copy of the complaint with its supporting documents, and of other exhibits or rulings that serve as the basis for the measure requested . . . ." IACAP, art. 8(a).

(*See id.* at 3 (citing https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Inter-American-Service-Convention-Additional-Protocol.html (last visited Mar. 22, 2019) ("As a general rule it may take from 6 months to a year for a request to be executed.")).)

Rule 4(h)(2) governs service upon a corporation, partnership, or association outside the United States. *See* Fed. R. Civ. P. 4(h)(2). This Rule, in turn, incorporates by reference most methods prescribed in Rule 4(f) for serving an individual in a foreign country. *See id.* Under Rule 4(f)(1), service may be affected "by any internationally agreed means of service that is reasonably calculated to give notice . . . ." *Id.* 4(f)(1). "While service by letters rogatory under [the] IACAP would be one such acceptable means, it is 'neither mandatory nor exclusive,' even where, as here, both parties reside in signatory states." *Soc. Enter. LLC*, 2015 WL 13743436, at *2 (citing *Mayatextil, S.A. v. Liztex U.S.A., Inc.*, No. 92 Civ. 4528(SS), 1994 WL 198696, at *5 (S.D.N.Y. May 19, 1994) (Sotomayor, D.J.)); *see also Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-0280-PHX-LOA, 2011 WL 810250, at *4 (D. Ariz. Mar. 3, 2011) ("[T]he IAC[AP] only regulates the transmittal of documents abroad and does not 'supplant all alternative methods of service.'") (quoting *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 640 (5th Cir.1990)).

In this case, where "an international agreement allows but does not specify other means [of service]," service may be effected on a party in a foreign country "by a method that is reasonably calculated to give notice . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[,]" unless that

method is "prohibited by the foreign country's law[.]" Fed. R. Civ. P. 4(f)(2)(C)(ii). "Courts interpreting this Rule have concluded that 'prohibited' in this context means that the foreign country's law expressly prohibits the method, not merely that it does not recognize or provide for it." *Soc. Enter. LLC*, 2015 WL 13743436, at *3 (citing cases). "As such, service via signed receipt Federal Express mail upon a party in Chile, where 'reasonably calculated to give notice,' is permissible under Rule 4(f)(2)(C)(ii)." *Id.* (quoting Fed. R. Civ. P. 4(f)(2)(C)(ii) and citing *IntelliGender, LLC v. Soriano*, No. 2:10-CV-125-JRG, 2012 WL 215066, at *2 (E.D. Tex. Jan. 24, 2012) (overruling challenge to sufficiency of service by signed receipt Federal Express mail in Chile)).

Nevertheless, Seaboat seeks an order pursuant to Rule 4(f)(3) directing service of process on Hielos by United States Post Office international mail. (Mot. at 3-5.) Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Ninth Circuit has held Rule 4(f) does not "create a hierarchy or preferred methods of service of process," and "court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1) or Rule 4(f)(2)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (footnote omitted). Thus, service under Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.'" *Id.* (citing *Forum Fin. Grp., LLC v. President, Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)). Nevertheless, even if facially permitted by Rule 4(f)(3), the method of service selected must also comport with constitutional notions of due process. *Id.* at 1016. To meet this requirement, the method of service must be "reasonably calculated, under all the circumstances, to apprise the interested parties of the

pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-17 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Considering all the relevant circumstances, the court finds that the most appropriate course of action is to request the Clerk of the court to effect service by international Federal Express, return receipt, under Rule 4(f)(2)(C)(ii), rather than issue an order pursuant to Rule 4(f)(3). "Such service would be efficient, appropriate under the Rules, and reasonably certain to apprise [Hielos] of the pendency of this action." *Soc. Enter. LLC*, 2015 WL 13743436, at *3 (citing *Rio Properties, Inc.*, 284 F.3d at 1017). Accordingly, the court DENIES the portion of Seaboat's motion seeking an order directing service of process under Rule 4(f)(3), and instead the court ORDERS an alternative method of service of process under Rule 4(f)(2)(C)(ii). If Seaboat is unable to obtain service of process within a reasonable period of time under either of the methods directed under this order, Seaboat may file another motion seeking relief under Rule 4(f)(3).

## IV. CONCLUSION

The court GRANTS in part and DENIES in part Seaboat's motion (Dkt. # 4). The court GRANTS Seaboat's request for service of process via IACAP, and hereby signs and affixes the seal of the court to Seaboat's USM-272 form, attached hereto. The court DENIES Seaboat's request for alternative service under Rule 4(f)(3). Instead, the court DIRECTS the Clerk to effect service under Rule 4(f)(2)(C)(ii) via international Federal Express, return receipt, to Hielos. In order to accomplish such service, the court ORDERS Seaboat to provide the Clerk with Spanish translations of the complaint and

ORDER - 7

summons, along with an appropriate label from Federal Express international, return receipt, directed to Hielos in Puerto Williams, Chile, within seven (7) days of the date of this order. Upon receipt, the court DIRECTS the Clerk to send the aforementioned documents, with copies of the complaint (Dkt. # 1) and summons (Dkt. # 3), as well as a copy of this order, via Federal Express international, return receipt, to Hielos in Puerto Williams, Chile.

Dated this 25th day of March, 2019.

JAMES L. ROBART
United States District Judge

# Exhibit A

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE, STE. 2400
SEATTLE, WASHINGTON 98121
TELEPHONE: (206) 443-3400

**REQUEST FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS PURSUANT TO THE ADDITIONAL PROTOCOL TO THE INTER-AMERICAN CONVENTION ON LETTERS ROGATORY**

FORM A

**LETTER ROGATORY**[1]

| 1 | 2 |
|---|---|
| REQUESTING JUDICIAL OR OTHER ADJUDICATORY AUTHORITY<br>Name:<br>Clerk of Court, United States District Court for the Western District of Washington<br>Address:<br>701 Stewart Street, Suite 2310<br>Seattle, Washington 98101 | CASE:<br>Seaboat Navigation US, Inc. v.<br>Turismos Hielos Antarticos, Ltda.<br>Case No.:<br>2:19-cv-00070-JLR |

| 3 | 4 |
|---|---|
| CENTRAL AUTHORITY OF THE STATE OF ORIGIN<br>Name:<br>ABC Legal<br>Address:<br>633 Yesler Way<br>Seattle, Washington 98104 | CENTRAL AUTHORITY OF THE STATE OF DESTINATION<br>Name:<br>Ministry of Foreign Affairs<br>Address: Compania, esq.<br>Morande, Ex edificio Deop<br>Congreso<br>Santiago, Chile |

| 5 | 6 |
|---|---|
| REQUESTING PARTY<br>Name:<br>Seaboat Navigation US, Inc.<br>Address:<br>1631 15th Avenue West, Suite 219<br>Seattle Washington 98119 | COUNSEL TO THE REQUESTING PARTY<br>Name:<br>Donald K. McLean<br>Address:<br>Bauer Moynihan & Johnson LLP<br>2101 Fourth Avenue, Suite 2400<br>Seattle, Washington 98121 |

| PERSON DESIGNATED TO ACT IN CONNECTION WITH THE LETTER ROGATORY |
|---|
| Name<br><br>Address | Is this person responsible for costs and expenses?<br>    YES ☐      NO ☐<br>\* If not, check in the amount of _____ is attached<br>\* Or proof of payment is attached |

---

1 Complete the original and two copies of this form; if A(l) is applicable, attach the original and two copies of the translation of this item in the language of the State of destination.

\* Delete if inapplicable.

The Central Authority signing this letter rogatory has the honor to transmit to you in triplicate the documents listed below and, in conformity with the Protocol to the Inter-American Convention on Letters Rogatory:

\* A. Requests their prompt service on:

    Turismo Hielos Antaricos Ltda., Ricardo Maragaño 146,
    Comuna de Cabo de Hornos, Puerto Williams, Chile PC: 6350079

The undersigned authority requests that service be carried out in the following manner:

\*    (1) In accordance with the special procedure or additional formalities that are described below,
      as provided for in the second paragraph of Article 10 of the above-mentioned Convention; or

\*    (2) By service personally on the identified addressee or, in the case of a legal entity, on its authorized agent; or

\*    (3) If the person or the authorized agent of the entity to be served is not found, service shall be
      made in accordance with the law of the State of destination.

\* B. Requests the delivery of the documents listed below to the following judicial or administrative authority:
    Authority:

    N/A

\* C. Requests the Central Authority of the State of destination to return to the Central Authority
    of the State of origin one copy of the documents listed below and attached to this letter rogatory,
    and an executed Certificate on the attached Form C.

Done at Seattle, WA this 25th date of March 2019

_____       _____
Signature and stamp of the                  Signature and stamp of the
judicial or other adjudicatory              Central Authority of the
authority of the State of origin             State of origin

Title or other identification of each document to be delivered:

    Complaint, English + Spanish
    Summons, English + Spanish

    (Attach additional pages, if necessary.)

\* Delete if inapplicable.

**ANNEX TO THE ADDITIONAL PROTOCOL TO THE INTER-AMERICAN
CONVENTION ON LETTERS ROGATORY**

FORM B

ESSENTIAL INFORMATION FOR THE ADDRESSEE[1]

To  (Name and address of the person being served)
  Turismo Hielos Antaricos Ltda., Ricardo Maragaño 146,
  Comuna de Cabo de Hornos, Puerto Williams, Chile PC: 6350079

You are hereby informed that (Brief statement of nature of service)
  A lawsuit has be en commenced against you in United States District Court for the
  Western District of Washington

A copy of the letter rogatory that gives rise to the service or delivery of these documents is attached to this document. This copy also contains essential information for you. Also attached are copies of the complaint or pleading initiating the action in which the letter rogatory was issued, of the documents attached to the complaint or pleading, and of any rulings that ordered the issuance of the letter rogatory.

**ADDITIONAL INFORMATION
I *
FOR SERVICE**

A. The document being served on you (original or copy) concerns the following:

  Civil lawsuit regarding breach of contract.

B. The remedies sought or the amount in dispute is as follows:

  Plaintiff is seeking to recover civil damages and other relief to be determined in court.

C. By this service, you are requested:

  To answer the complaint with 20 days

D. * In case of service on you as a defendant you can answer the complaint before the judicial or other adjudicatory authority specified in Form A, Box I (State place, date and hour):

  Answer within 20 days to United States District Court for the Western District of Washington

  * You are being summoned to appear as:

  Defendant in a civil action.

---

[1] Complete the original and two copies of this form in the language of the State of origin and two copies in the language of the State of destination.
* Delete if inapplicable.

\* If some other action is being requested of the person served, please describe:

_____
_____
_____

E. If you fail to comply, the consequences might be:
    <u>A default judgment will be enetered against you.</u>_____
_____
_____

F. You are hereby informed that a defense counsel appointed by the Court or the following legal aid societies are available to you at the place where the proceeding is pending.

    Name: _____

    Address:_____

The documents fisted in Part III are being furnished to you so that you may better understand and defend your interests.

_____
_____
_____
_____

_____
_____
_____

_____

## III
## LIST OF ATTACHED DOCUMENTS

| Complaint as filed |
| Complaint in Spanish |
| Summons as Issued |
| Summons in Spanish |

(Attach additional pages if necessary.)

Done at _Seattle, Washington_ this _25th_ day of _March_ 20_19_

_[signature]_

Signature and stamp of the
judicial or other adjudicatory
authority of the State of Origin

Signature and stamp of
the Central Authority
of the State of Origin

**ANNEX TO THE ADDITIONAL PROTOCOL TO THE
INTER-AMERICAN CONVENTION ON LETTERS ROGATORY**

FORM C

CERTIFICATE OF EXECUTION[1]

To: _____

_____

_____

(Name and address of judicial or other adjudicatory
authority that issued the letter rogatory)

In conformity with the Additional Protocol to the Inter-American Convention on Letters Rogatory, signed at Montevideo on May 8, 1979, and in accordance with the attached original letter rogatory, the undersigned Central Authority has the honor to certify the following:

\*    A. That one copy of the documents attached to this Certificate has been served or delivered as follows:

     Date: _____

     At (Address) _____

By one of the following methods authorized by the Convention.

\*    (1) In accordance with the special procedure or additional formalities that are described below, as provided for in the second paragraph of Article 10 of the above-mentioned Convention, or

_____

_____

_____

\*    (2) By service personally on the identified addressee or, in the case of a legal entity, on its authorized agent, or

\*    (3) If the person or the authorized agent of the entity to be served was not found, in accordance with the law of the State of destination: (Specify method used)

_____

---

[1] Complete the original and one copy in the language of the State of destination.
\* Delete if inapplicable.

\* B. That the documents referred to in the letter rogatory have been delivered to:

    Identity of person _____

    Relationship to the addressee _____
                                       (Family, business or other)

\* C. That the documents attached to the Certificate have not been served or delivered for the
    \*following reason(s):

    _____

\* D. In conformity with the Protocol, the party requesting execution of the letter rogatory is
requested to pay the outstanding balance of costs in the amount indicated in the attached statement.

    Done at _____ the _____ day of _____ 20____

    _____
             Signature and stamp of Central Authority of the State of destination

Where appropriate, attach originals or
copies of any additional documents proving
service or delivery, and identify them.

_____

   \* Delete if inapplicable.